

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

CO MAR 31 PM 2:49

FLORIDA SOFTWARE
SYSTEMS, INC., a Florida
corporation,

             Plaintiff,

v.                                       CASE NO. 8:97-CV-2866-T-17B

COLUMBIA/HCA HEALTHCARE
CORPORATION, a Delaware
corporation,

             Defendant/Counterplaintiff,

v.

FLORIDA SOFTWARE SYSTEMS, INC.,
a Florida corporation, RECEIVABLE
DYNAMICS, INC., a Florida corporation,
NEVADA COMMUNICATIONS
CORPORATION, a Delaware corporation,
and NORMAN R. DOBIESZ, MAUREEN
DONOVAN DOBIESZ, STUART M. LOPATA,
and SAMUEL A. GRECO, as individuals,

             Counterdefendants.

_____/

## ORDER ON COUNTERDEFENDANTS' EMERGENCY MOTION FOR CASE MANAGEMENT CONFERENCE

      THIS CAUSE is before the Court on Counterdefendants, Florida Software Systems, Inc.,

Receivable Dynamics, Inc., Nevada Communications Corporation, Norman R. Dobiesz, Maureen

Donovan Dobiesz, and Stuart M. Lopata's, Emergency Motion for Case Management

Conference, (Dkt. 374), filed on March 27, 2000.



CASE NO. 8:97-CV-2866-T-17B

I. Background

Prior to the filing of this suit, Defendant/Counterplaintiff, Columbia/HCA Healthcare Corporation, entered into several agreements with Plaintiff, whereby Plaintiff was granted the exclusive right to provide medical claims management services for all facilities owned, controlled, or managed by Defendant in the State of Florida.

In addition to the previously mentioned agreements, Counterdefendant Greco, an officer of Defendant/Counterplaintiff, entered into contracts with Counterdefendant Receivable Dynamics, Inc. and Counterdefendant Nevada Communications Corporation on behalf of Defendant/Counterplaintiff. Pursuant to the agreement with Defendant/Counterplaintiff, Counterdefendant Receivable Dynamics was to provide electronic claims transmission and claims management services for certain hospitals operated by Defendant/Counterplaintiff in Florida. Counterdefendant Nevada Communications was to "exclusively manage and provide Telecommunications Services, including administrative phones, patient room phones, and pay telephones located at all Defendant/Counterplaintiff's locations for a term of ten years."

Plaintiff initiated this litigation by suing Defendant/Counterplaintiff for fraud and breach of contract. Thereafter, Defendant/Counterplaintiff filed a Counterclaim against Plaintiff and a Third-Party Complaint against Counterdefendants, Receivable Dynamics, Nevada Communications, Norman R. Dobiesz and his wife, Maureen Donovan Dobiesz, Stuart M. Lopata, and former executive of Defendant/Counterplaintiff, Samuel A. Greco. Defendant/Counterplaintiff alleged that Counterdefendants, Dobiesz, Lopata, and Greco, incorporated, acquired, or otherwise controlled numerous corporations, namely Plaintiff, Counterdefendant Receivable Dynamics, and Counterdefendant Nevada Communications, for the purpose of defrauding Defendant/Counterplaintiff.

2

CASE NO. 8:97-CV-2866-T-17B

On January 13, 1999, Defendant/Counterplaintiff filed a corrected Counterclaim and Third Party Complaint (hereinafter "the Amended Complaint"). The Amended Complaint contains the following counts:

     (I)      Racketeering Violation pursuant to 18 U.S.C. § 1962(c);

     (II)     Racketeering Conspiracy pursuant to 18 U.S.C. § 1962(d);

     (III)    Pattern of Criminal Activity pursuant to Florida Statutes Title 45, § 772.103(3);

     (IV)    Conspiracy pursuant to Florida Statutes Title 45, § 772.103(4)

     (V)     Breach of Fiduciary Duty by Greco

     (VI)    Conspiracy and Concerted Action to Aid and Abet Greco's Breach of Fiduciary Duty;

     (VII)   Recission of Contracts between Defendant/Counterplaintiff and Counterdefendants;

     (VIII)  Accounting

     (IX)    Breach of Contract

     (X)     Fraud in the Inducement; and

     (XI)    Violation of Florida Statute § 501.210.

On April 2, 1998, the parties to this suit filed a Case Management Report. (Dkt. 16). In the Case Management Report, Plaintiff stated that all expert testimony disclosures would take place forty-five (45) days prior to the close of discovery provided there were no outstanding discovery motions and provided that Plaintiff had sufficient time to depose Defendant/Counterplaintiff's expert witnesses upon their disclosure. In response to this statement, Defendant/Counterplaintiff asserted that expert witness disclosures forty-five (45) days

CASE NO. 8:97-CV-2866-T-17B

before the end of discovery was not timely and would not give Defendant/Counterplaintiff sufficient time to depose the experts. In light of this assertion, Defendant/Counterplaintiff stated that Plaintiff's expert witness disclosure should be made at least ninety (90) days before the discovery cutoff date. The discovery cutoff date proposed by Plaintiff in the Case Management Report was October 16, 1998.

On August 27, 1998, the Court entered a Case Management Order. (Dkt. 29). In that Case Management Order, the Court Ordered that all discovery was to be completed by September 30, 1999. The Court further Ordered that all dispositive motions were to be filed on or before October 10, 1999. The Court specifically stated that the "parties are directed to meet the pre-trial disclosure requirements and deadlines found in Rule 26(a)(3), Fed. R. Civ. P., and are to timely adhere to all requirements of Local Rule 3.06 concerning 'Final Pretrial Procedures.'"

The Case Management and Scheduling Order notified the parties and counsel that the pre-trial conference is to be scheduled on twenty (20) days notice and that the Court would endeavor to set the pre-trial conference between February 28, 2000, and March 10, 2000. The Court further directed the parties to be prepared for trial immediately after the pre-trial conference.

II. Discussion

    A. State Court Injunction

Plaintiff and Counterdefendants state that this Court has the power, should it decide to use such power, to enjoin a state court action. While Plaintiff and Counterdefendants do not directly request that this Court enjoin the state court counterclaim contained in Case Number CA 98-3039, in the Circuit Court for the Twelfth Judicial Circuit in and for Manatee County, within their request for relief, the Court will construe Plaintiff and Counterdefendants' request to enjoin Defendant/Counterplaintiff's state court counterclaim as a motion to enjoin. However, after considering Plaintiff and Counterdefendants' construed motion and relevant law,

4

CASE NO. 8:97-CV-2866-T-17B

the Court finds that ordering an injunction against the state court counterclaim pending in Circuit Court Case Number CA 98-3039, is not warranted.

The Anti-Injunction Act, 28 U.S.C. § 2283, states that "a court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." For a federal court to ignore the limitations set out within the Anti-Injunction Act and "enjoin state court proceedings merely because those proceedings interfere with a protected federal right or invade an area preempted by federal law, even when the interference is unmistakably clear," is reversible error. Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 294 (1970). If a lower federal court has jurisdiction over a matter, it is not enough that the state case sought to be enjoined relates to that federal jurisdiction. See id. at 295. An injunction of a state court action must be "necessary in aid of" federal jurisdiction. See id. at 295. While the Supreme Court has admitted that the phrase "necessary in aid of" is broad, the Supreme Court has stated that it "implies something similar to the concept of injunctions to 'protect or effectuate' judgments." Id. at 295. The exceptions to the provisions of the Anti-Injunction Act suggest that "some federal injunctive relief may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." Id. at 295.

Plaintiff and Counterdefendants have submitted nothing to show this Court that an exception to the Anti-injunction Act applies in this case. Merely because Plaintiff and Counterdefendants believe that staying the state court counterclaim contained in Case Number CA 1998-3039, is necessary to aid the jurisdiction of this Court, that alone is not sufficient. Plaintiff and Counterdefendants must submit sufficient support for the contention that an injunction is needed. As this Court has determined that sufficient support for Plaintiff and Counterdefendants' construed motion to enjoin the state court action, contained in Case Number CA 1998-3039, has not been established, Plaintiff and Counterdefendants' construed motion to

5

CASE NO. 8:97-CV-2866-T-17B

enjoin must be denied.

### B. Case Management Conference

In addition to requesting that this Court enjoin the state court counterclaim contained in Case Number CA 1998-3039, Plaintiff and Counterdefendants request that this Court hold an emergency case management conference. After fully considering Plaintiff and Counterdefendants' Emergency Motion and relevant case law, the Court finds that a case management conference on an emergency or non-emergency basis is not warranted. This Court has already held a hearing pursuant to Federal Rule of Civil Procedure 16, on August 26, 1998. (Dkt. 28). As a result of that hearing, the Court entered a Case Management and Scheduling Order. (Dkt. 29). Within that Case Management and Scheduling Order, this Court set a Discovery cutoff date of September 30, 1999. (Dkt. 29). The deadline for filing dispositive motions was set for October 10, 1999. (Dkt. 29). The Court indicated within the Case Management and Scheduling Order that the Court would <u>endeavor</u> to rule on the pending dispositive motions by February 8, 2000. (Dkt. 29). The Court also indicated that a pre-trial conference would be set by separate order, on twenty (20) days notice, and that the Court would <u>endeavor</u> to set the pre-trial conference between February 28, 2000 and March 10, 2000. (Dkt. 29). Since this Court has previously held a hearing pursuant to Federal Rule of Civil Procedure 16, and since Plaintiff and Counterdefendants have failed to show this Court any evidence that an additional emergency or non-emergency case management hearing is required, Plaintiff's Emergency Motion for Case Management Conference is denied.

The Court does, however, recognize a need to further enforce the Case Management and Scheduling Order previously entered by this Court. (Dkt. 29). Since June of 1999, the parties to this action have filed approximately two-hundred thirty-two (232) items with this Court, of which, all but less than five (5) deal with motions and responses to those motions. In addition to the approximately two-hundred twenty-seven (227) motions and motion related items filed, this Court

CASE NO. 8:97-CV-2866-T-17B

has received additional items under seal and by non-named parties to the action. Of the approximately two-hundred twenty-seven (227) motions and motion related items filed in this case since June of 1999, only approximately twenty-nine (29) motions remain pending. Approximately eleven (11) of the twenty-nine motions that are pending in this case are discovery related motions, the earliest of which was filed in mid-November of 1999. There are nine (9) pending motions for summary judgment and approximately eight (8) additional motions relating to those nine (9) motions for summary judgement.

As Discovery in this case ended on September 30, 1999, this Court finds that other than those pending Discovery motions currently filed with this Court, no additional discovery related motions shall be filed without first obtaining leave of Court. Leave of Court shall only be requested in the most compelling of circumstances. In addition, all pending Motions to Supplement Motions for Summary Judgment are denied as premature. The parties shall have five days after the final, currently filed, Discovery motion has been ruled on, to file no more than a twenty page motion to amend or supplement their previously filed Motions for Summary Judgment. After the motions to amend or supplement, if any, are filed, the opposing party shall have five days to respond. Once the motions to amend and supplement, if any, and the responses to those motions, have been filed, this Court will take all pending motions under advisement.

The Court would like to point out that this case is not the Court's only pending civil case. In addition to the case at hand, the undersigned has approximately five-hundred seventeen (517) other pending civil cases. The Court has devoted an enormous amount of time to the speedy and just resolution of this case. However, the parties in this case have continually acted in a manner designed to "clog" this Court with motions and motion related filings. The parties and attorneys in this case, and all other cases before this Court, have a duty to act in a professional and ethical manner. While an attorney must adequately represent their client, the attorney must also adequately represent him/herself. In light of the manner in which the parties and attorneys have conducted this case, the Court refers the parties and their attorneys to Federal Rule of Civil

7

CASE NO. 8:97-CV-2866-T-17B

Procedure 11, which states, in pertinent part, that:

> (b) **Representations to Court.** By presenting to the court
> (whether by signing, filing, submitting, or later advocating) a
> pleading, written motion, or other paper, an attorney or
> unrepresented party is certifying that to the best of the person's
> knowledge, information, and belief, formed after an inquiry
> reasonable under the circumstances,--
>
> (1) it is not being presented for any improper purpose, such
> as to **harass** or to **cause unnecessary delay** or **needless increase
> in the cost of litigation**;
>
> (2) the claims, defenses, and other legal contentions therein
> are **warranted by existing law** or by a **nonfrivolous argument** for
> the extension, modification, or reversal of existing law or the
> establishment of new law;
>
> (3) the allegations and other factual contentions have
> evidentiary support or, if specifically so identified, are likely to have
> evidentiary support after a reasonable opportunity for further
> investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the
> evidence or, if specifically so identified, are reasonably based on a
> lack of information or belief.
>
> (c) **Sanctions**.  If, after notice and a reasonable opportunity to
> respond, the court determines that subdivision (b) has been
> violated, the court may, subject to the conditions stated below,
> impose an appropriate sanction upon the attorneys, law firms, or
> parties that have violated subdivision (b) or are responsible for the
> violation.

(emphasis added).  The Court would also like to remind the parties and attorneys of this Court's

previous warnings concerning Federal Rule of Civil Procedure 11.  As this Court stated within

the Order of Procedure, the Court may **sua sponte** impose sanctions pursuant to Federal Rule of

Civil Procedure 11, when any pleading, including motions and responses thereto, violate the spirit

CASE NO. 8:97-CV-2866-T-17B

of Rule 11. (Dkt. 9). This Court will not hesitate to enforce Rule 11, on its own motion, where a party or counsel of record has clearly violated the rule. (Dkt. 9). In addition to the warnings contained in this Court's Order of Procedure, this Court specifically reminded that parties within the Court's Order dated October 21, 1999, that "in a case of this nature, that has progressed as this case has, focus is important. The parties should focus their efforts and avoid filing **unnecessary and borderline frivolous motions** with this Court." (Dkt 203)(emphasis added). This Court has made it absolutely clear to the parties, the attorneys, and the law firms associated with this case, that actions taken in violation of Rule 11 will not be tolerated. Should this case continue in the manner that the parties, attorneys, and law firms have previously handled this case, this Court will make inquiry into Rule 11 sanctions. Accordingly, it is

**ORDERED** that Plaintiff and Counterdefendants' Construed Motion to Enjoin, (Dkt. 374), be **DENIED**; Plaintiff and Counterdefendants' Emergency Motion for Case Management Conference, (Dkt. 374), be **DENIED**; Counterdefendants' Motion to Supplement Motions for Summary Judgment, (Dkt. 333), be **DENIED** as premature; Counterdefendant, Samuel A. Greco's, Motion to Supplement Motion for Summary Judgment, (Dkt. 335), be **DENIED** as premature; Counterdefendant, Samuel A. Greco's Motion to Amend Motion for Partial Summary Judgment, (Dkt. 364), be **DENIED** as premature; and Counterdefendants' Motion to Supplement Motions for Summary Judgment, (Dkt. 366), be **DENIED** as premature. No additional Discovery related motions shall be filed by any party in this case without first obtaining leave of Court and leave of Court shall only be requested in the most compelling circumstances. Once the final discovery related motion has been ruled on, the parties to this case shall have five days to file any necessary motions to amend or supplement the previously filed Motions for Summary Judgment. After motions to amend or supplement the currently filed

9

CASE NO. 8:97-CV-2866-T-17B

Motions for Summary Judgment have been filed, the opposing party shall have five days to respond.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this 31st day of March, 2000.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to: All parties and counsel of record
Honorable Thomas G. Wilson, Magistrate Judge
Honorable Scott M. Brownell, Circuit Judge for the Twelfth Judicial Circuit in and for
Manatee County, State of Florida